# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2016-0026 |
| | ) | |
| ALVIN HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Kia D. Sears, Esq.,**
St. Thomas, U.S.V.I.
*For Defendant Alvin Henry*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Alvin Henry's ("Defendant") Motion to Dismiss for Failure to Preserve Evidence ("Motion to Dismiss") (Dkt. No. 151) and the Government's Opposition to Defendant's Motion to Dismiss (Dkt. No. 152). For the reasons that follow, the Court will (1) deny Defendant's request for dismissal of the indictment against him; and (2) defer its ruling on Defendant's alternative request for a spoliation instruction.

### I. BACKGROUND

Defendant is charged in a two-count indictment with conspiracy to possess a controlled substance and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846. (Dkt. No. 111). The charges arise from law enforcement's alleged discovery of cocaine powder in Defendant's luggage at the Henry E. Rohlsen airport on St. Croix, U.S. Virgin Islands, on or about November 2, 2016, as Defendant was waiting to board a flight to

Miami, Florida.[1] Although law enforcement preserved the cocaine allegedly recovered from Defendant's luggage, Homeland Security Investigations ("HSI") agents failed to preserve the items of luggage themselves—a backpack and a duffel bag—in which the alleged cocaine was recovered, or to maintain any documentation regarding the chain of custody of the luggage. (Dkt. No. 151 at 1). Law enforcement also failed to document the contents of the luggage, with the exception of the alleged cocaine. *Id.*

In his Motion to Dismiss, Defendant contends that the backpack and duffel bag, and their contents, possess an exculpatory value that was apparent to law enforcement before it was lost or destroyed, and that—absent Defendant's testimony at trial—there is no comparable evidence reasonably available to him. *Id.* at 5-7. Defendant also maintains that law enforcement's failure to adhere to procedure with respect to the preservation of the luggage and the documentation of its contents and chain of custody is sufficient to establish that law enforcement acted in bad faith. *Id.* at 8-10. He therefore argues that the Government's failure to preserve this evidence violated his right to due process under the Fifth Amendment to the United States Constitution, and requests that the indictment against him be dismissed as a remedy. *Id.* at 1. As an alternative remedy, Defendant requests that the Court issue a spoliation charge at trial instructing the jury that it may infer that the evidence the Government failed to preserve was favorable to Defendant. *Id.* at 11-12.

The Government concedes that HSI agents seized the backpack and duffel bag at the time of Defendant's arrest; that the agents failed to maintain any documentation related to the chain of custody of the luggage; and that law enforcement is now unable to account for the whereabouts of

---

[1] The Court provided a detailed factual background of this case in its January 23, 2018 Memorandum Opinion addressing Defendant's Motion to Suppress. (Dkt. No. 92). The Court will not repeat that factual background here, but instead will provide only that information relevant to the issue currently before the Court.

the luggage. (Dkt. No. 152 at 2).[2] The Government argues, however, that the Court should deny Defendant's request for dismissal of the indictment because (1) Defendant has failed to demonstrate that the luggage and its contents hold any exculpatory value; and (2) the HSI agents' failure to preserve the luggage or related documentation was the result of negligence, such that Defendant cannot establish that law enforcement acted in bad faith. *Id.* at 5.

## II. DISCUSSION

### A. Applicable Legal Principles

The prosecution's constitutional duty under the Due Process Clause of the Fifth Amendment to disclose material exculpatory evidence to the defense is well-established. *See Illinois v. Fisher*, 540 U.S. 544, 547 (2004) (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976)). Where the prosecution "suppresses or fails to disclose material exculpatory evidence, the good or bad faith of the prosecution is irrelevant: a due process violation occurs whenever such evidence is withheld." *Id.*

A different standard applies, however, under circumstances in which the exculpatory value of the suppressed evidence is unclear. In cases where the evidence at issue holds *potentially* exculpatory value, the failure to preserve such evidence "does not violate due process 'unless a criminal defendant can show bad faith on the part of the police.'" *Id.* at 548 (emphasis removed) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Accordingly, where a defendant attempts to establish a due process violation based on the prosecution's failure to preserve potentially exculpatory evidence, the defendant must show that "(1) the potentially exculpatory

---

[2] The Government represented during a pretrial conference held in this matter on January 24, 2019 that the luggage may have been returned to Defendant. However, absent any documentation related to the chain of custody of the luggage, the Government appears to have abandoned this position in its subsequent written submission.

3

nature of the evidence was apparent at the time of destruction or loss; (2) there is a lack of 'comparable evidence by other reasonably available means,'; and[] (3) the government acted in 'bad faith[.]'" *United States v. Kennedy*, 720 F. App'x 104, 108 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1601 (2018) (quoting *California v. Trombetta*, 467 U.S. 479, 489 (1984); *Youngblood*, 488 U.S. at 58).

B.   **Analysis**

In the instant case, the Court concludes that Defendant has failed to establish a due process violation because he cannot demonstrate that (1) the luggage and its contents possessed a potentially exculpatory value that was apparent to law enforcement at the time it was lost; and (2) law enforcement acted in bad faith in failing to preserve the luggage or to maintain related documentation.

### 1.   Exculpatory Value of the Luggage and its Contents

In an attempt to establish the exculpatory value of the evidence at issue here, Defendant argues that the contents of his luggage (apart from the alleged cocaine) are critical to establishing Defendant's claims that he (1) traveled from St. Thomas to St. Croix for the purpose of taking a cheaper flight to Florida; (2) was not in possession of cocaine when he traveled from St. Thomas to St. Croix; and (3) had no intention of possessing cocaine when he arrived in St. Croix. (Dkt. No. 151 at 6-7). He contends that the contents of the missing luggage—presumably, Defendant's personal effects—support these claims, and that his ability to present those contents to the jury would therefore help exculpate Defendant in this case. *Id.* at 7.

Defendant has failed to establish, however, that his ability to make the above showings would assist in exonerating Defendant of the charges against him. That Defendant was not in possession of cocaine at the time he traveled from St. Thomas to St. Croix is irrelevant. The

Government does not dispute that Defendant traveled from St. Thomas to St. Croix the day before his arrest, and the indictment does not charge Defendant with possession of cocaine during that trip. (*See* Dkt. No. 152 at 5). Similarly, the Court fails to see the relevance of any argument by Defendant that he did not intend to possess cocaine *at the time he arrived in St. Croix*. As long as the Government is able to prove beyond a reasonable doubt that Defendant entered into an agreement to possess cocaine with the intent to distribute it, and in fact formed the requisite intent to possess cocaine with intent to distribute prior to the time of his alleged possession of the cocaine, the Government is under no obligation to establish that Defendant entered into this agreement or formed this intent prior to his arrival on St. Croix. Further, given the indication in the Government's Opposition that it intends to rely on Defendant's post-arrest statement in which Defendant allegedly acknowledged that he learned for the first time that cocaine would be placed in his bag the night before his arrest—i.e., after he had already arrived on St. Croix from St. Thomas—the claims Defendant seeks to establish do not appear to be at issue. *See id.* at 1-2.

Accordingly, because the claims Defendant would seek to establish through the introduction of the luggage and its contents at trial seemingly have no direct relevance to his guilt or innocence of the crimes charged, Defendant has failed to show that any potentially exculpatory value of the evidence would have been apparent to law enforcement at the time of its loss. Defendant has, therefore, failed to establish a due process violation, and his request for dismissal of the indictment will be denied.

**2. Bad Faith**

Although Defendant's failure to establish that the luggage and its contents hold an exculpatory value that was apparent to law enforcement is fatal to his due process claim in its own right, the Court also finds that Defendant has failed to show that the HSI agents acted in bad faith,

5

such as is required to establish a due process violation. Defendant argues that the actions of law enforcement here were "grossly negligent" because, in addition to failing to preserve the luggage, law enforcement failed to document the contents of the luggage or to maintain any documentation regarding the chain of custody of the luggage. (Dkt. No. 151 at 8-10). Defendant contends that these failures are both contrary to HSI policy and to common sense in a criminal prosecution, such that the Court may therefore infer bad faith on the part of law enforcement. *Id.*

The Government concedes—as it must—that the HSI agents should have preserved the luggage in this case. (Dkt. No. 152 at 5). It asserts, however, that their failure to do so was the result of a negligent oversight or omission, and that mere negligence on the part of law enforcement is insufficient to support a finding of bad faith. *Id.*

While the Court is very disturbed by what appears to be a complete breakdown in basic law enforcement procedure regarding the preservation of evidence and the maintenance of chain-of-custody documentation, it does not find these procedural lapses sufficient to support a finding that the HSI agents acted in bad faith. Although the Third Circuit has recognized that the government's failure to follow standard procedures "could provide some evidence of bad faith," it has specifically refused to find that "an improper procedure in and of itself implies bad faith." *United States v. Deaner*, 1 F.3d 192, 200 (3d Cir. 1993); *see also United States v. Christian*, 302 F. App'x 85, 87 ("Absent some proof of ill-will, a failure to follow procedure is insufficient to support a finding of government bad faith.") (citations omitted). Because Defendant has put forth no evidence to support a finding that law enforcement purposefully misplaced or destroyed the luggage and its contents, the failure of the HSI agents to adhere to standard procedures under the circumstances here—troubling as it is—does not establish bad faith on the part of the Government. *See Christian*, 302 F. App'x at 87 (rejecting an argument that law enforcement acted in bad faith

6

in failing to preserve fingerprint evidence where there was "no evidence [] to suggest that the police purposefully misplaced or destroyed the evidence or that any malicious intent accompanied [an officer's] failure to follow procedure") (citations omitted).

Further, it is well-established that "[t]he presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Id.* (quoting *Griffin v. Spratt*, 969 F.2d 16, 20 (3d Cir. 1992) (quoting *Youngblood*, 488 U.S. at 51 n.*)). Because the Court has determined that the luggage and its contents did not possess an exculpatory value that was apparent to law enforcement at the time of its loss, Defendant cannot show that law enforcement acted with the intent to withhold exculpatory evidence from him in failing to preserve that evidence. Defendant's failure to establish bad faith provides an independent basis for the finding that a due process violation has not been established, and for the Court's denial of Defendant's request to dismiss the indictment.

In sum, because Defendant is unable to establish that his due process rights were violated by the Government's failure to preserve the luggage and its contents in this case, his request for the dismissal of the indictment on this ground will be denied.

### 3. Spoliation Instruction

As an alternative to the dismissal of the indictment, Defendant requests that the Court issue a spoliation instruction informing the jury that it may infer that the evidence the Government failed to preserve is favorable to Defendant. (Dkt. No. 151 at 11-12). The Government does not address Defendant's alternative request in its Opposition. In light of the minimal attention given to this issue in the parties' filings—and because a spoliation instruction, if warranted, would not be issued until the appropriate time during the trial of this matter—the Court will defer its ruling on

Defendant's alternative request. The parties shall be prepared to present argument regarding the propriety of a spoliation instruction under the circumstances here during the trial.

## **ORDER**

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 151) is **DENIED IN PART**; and it is further

**ORDERED** that Defendant's request for the dismissal of the indictment is **DENIED**; and it is further

**ORDERED** that the Court's ruling on Defendant's request for the issuance of a spoliation instruction is **DEFERRED** pending further argument by the parties at trial.

**SO ORDERED**.

Date:   February 20, 2019   _____/s/_____
                            WILMA A. LEWIS
                            Chief Judge