**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 2016-0026** |
| ) | |
| **ALVIN HENRY, et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
**Carlos R. Cardona, Esq.,**
St. Thomas, U.S.V.I.
  *For the United States*

**Kia D. Sears, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendant Alvin Henry*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Alvin Henry's ("Defendant") "Motion for Compassionate Release" ("Motion") (Dkt. No. 297), and the Government's "Opposition to Defendant's Motion for Compassionate Release" (Dkt. No. 302). For the reasons discussed below, Defendant's Motion will be denied without prejudice.

### I.  BACKGROUND

On March 3, 2020, the Court sentenced Defendant to 48 months imprisonment after he was found guilty by a jury of Conspiracy to Possess a Controlled Substance with Intent to Distribute and Possession of Cocaine Powder with Intent to Distribute. (Dkt. No. 247). Defendant is currently imprisoned in Metropolitan Detention Center, Guaynabo ("MDC Guaynabo") in Puerto Rico. (Dkt. No. 297 at 1).

Defendant submitted a correspondence to the Court, which was docketed as a Motion for Compassionate Release. (Dkt. No. 297). Defendant states that "the Bureau of Prisons is prioritizing prisoners for release to home confinement" due to the ongoing COVID-19 pandemic. *Id.* at 1. In light of these new plans, Defendant requests the Court's assistance in being "considered for what [he] qualif[ies] for" and "at least getting the staff at the MDC Guaynabo to consider [his] plan." *Id.* at 2. Defendant states that he has had difficulty getting in touch with his case manager and contacted an Associate Warden on April 8, 2020 about the lack of communication with his case manager. *Id.* at 1. Additionally, Defendant states that prison staff "seems not [to] want to do the paperwork unless there is some outside pressure" and he does not have an attorney to "help push [his] paperwork through." *Id.* Defendant also states that he is currently suffering from lower back pain and low blood pressure. *Id.*

The Government opposes Defendant's Motion pending Defendant's exhaustion of his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 302 at 2). The Government argues that "it does not appear that [Defendant] has submitted a petition for home confinement to the Bureau of Prisons. . . . Moreover, his request for court intervention on his behalf on this issue is improper." *Id.* The Government goes on to discuss the Federal Bureau of Prison's COVID-19 response as well as the current COVID-19 situation at MDC Guaynabo specifically. *Id.* at 3-5.

## II.   DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. The First Step Act allows a court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). However, the First Step Act requires that defendants exhaust their administrative remedies before a court may address their request for compassionate release. The statute provides, in relevant part:

2

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

*(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c) (emphasis added). The court is not permitted to waive the exhaustion requirement. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Davila*, Crim. No. 13-252, 2020 U.S. Dist. LEXIS 95182, at *3 (W.D. Pa. June 1, 2020) ("The exhaustion requirement that applies in this case is explicitly set forth in § 3582(c)(1)(A), and, therefore, cannot be excused."); *United States v. Pitt*, No. 1:97-cr-108, 2020 WL 2098272, at *2 (M.D. Pa. May 1, 2020) ("The court cannot overlook [defendant's] failure to exhaust his remedies, as the Third Circuit recently emphasized the need for 'strict adherence' to the exhaustion requirement in the wake of the COVID-19 pandemic.") (citing *Raia*, 954 F.3d at 597).

Defendant bears the burden of establishing that he is entitled to a sentence reduction. *See United States v. Epstein*, Crim. No. 14-287 (FLW), 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) ("[A] defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release.") (citing 18 U.S.C. § 3582(c)(1)(A)).

The Court finds that Defendant has not met his burden to show that he has exhausted his administrative remedies. Defendant states that he has not been able to contact his case manager; he has contacted an Associate Warden about being unable to contact his case manager; and "the staff . . . at MDC Guaynabo seems not [to] want to do the paperwork." (Dkt. No. 297 at 1). These statements do not suggest—and there is nothing else in the record to suggest—that Defendant has actually submitted a request to the warden of MDC Guaynabo to bring a motion on his behalf for compassionate release as required by 18 U.S.C. § 3582(c).

It would also be improper for the Court—as Defendant requests—to exert "outside pressure" on the staff of MDC Guaynabo to process his paperwork. *See Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 185 (3d Cir. 1999) ("Prison administration is . . . a task that has been committed to the responsibility of [the legislative and executive branches], and separation of powers concerns counsel a policy of judicial restraint.") (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987)).

The Court recognizes that the danger posed by the COVID-19 pandemic is real and ongoing. However, the Court is limited by the existing statutory authority and binding Third Circuit precedent in the relief that it may grant. *See Raia*, 954 F.3d at 597. The Court may only address any further requests for compassionate release by Defendant if he complies with the statutory exhaustion requirements. *See United States v. Harris*, 812 Fed. App'x. 106, 107 (3d Cir. 2020).

## III. CONCLUSION

Based on the foregoing, the Court will deny Defendant's Motion for Compassionate Release without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 13, 2020                      _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge